Argued October 20, reversed November 10, 1975

HAWKINS, *Petitioner, v.* BOARD OF
MEDICAL EXAMINERS (CA 5052), *Respondent.*

542 P2d 152

*Wm. E. Duhaime,* Medford, argued the cause for
petitioner. With him on the brief were Brophy, Wilson
& Duhaime, Medford.

*Al J. Laue,* Assistant Attorney General, Salem, ar-

gued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, J.

We here review an order of the board of Medical Examiners revoking petitioner's license because of his "manifest incapacity to practice medicine." ORS 677.-190(16). Having noted that complaints of malpractice had been lodged by patients against petitioner, the Board initiated an investigation concerning petitioner's capacity to practice medicine in Oregon. ORS 677.320.[1] As part of that investigation the Board, in January 1973, ordered petitioner to take a competency examination.

In January 1974, petitioner submitted to the examination which was administered by a committee of three doctors appointed by the Board. The committee filed a report with the Board stating that petitioner was incompetent to practice medicine and thereafter a hearing was conducted under ORS 677.200, at which the members of the examination committee testified with regard to petitioner's performance on the examination. In August of 1974 the Board revoked petitioner's license in an order which stated in pertinent part:

"1. The examination administered Hosea William Hawkins, D.O. on January 31, 1974, is sufficient to determine whether or not the said Hosea

[1]
"Upon the complaint of any citizen of this state, or upon its own initiative, the board may investigate any alleged violation of this chapter. * * *" ORS 677.320.

William Hawkins, D.O. had the capacity to practice medicine in the State of Oregon;

"2. Based upon the results of that examination, Hosea William Hawkins, D.O. demonstrated his manifest incapacity to practice medicine and his continued practice of medicine is a danger to the health, safety and welfare of the people of this state."

The Board has the power to grant a license to an applicant to practice medicine in Oregon. ORS 677.-110(4). The Board also has the power to discipline any licensee if he

"(b) [Has] [b]een found guilty in accordance with ORS 677.200 of violation of one or more of the grounds for suspension or revocation of licenses as set forth in ORS 677.190 * * *." ORS 677.205(1)(b).

■ Under the provisions of ORS ch 677, as it existed prior to the effective date of the 1975 additions, in order for the Board to discipline a licensee for incapacity, it was necessary for the Board to reach that conclusion on the basis of proof of specific acts or a course of conduct evidencing such incapacity. To this end the legislature had given the Board the power to investigate alleged violations of ORS ch 677. *See,* ORS 677.320. What the Board did here was far different from investigating and unearthing evidence of incompetency or misconduct. It created that evidence by administering to petitioner an examination which it then evaluated as demonstrating incompetence. At the time the examination was administered and the subsequent order entered, no such authority was contained in the statutes. Administrative agencies have no powers except as they are clearly found in statutory grants of authority. *See, Ore. Newspaper Pub. v. Peterson,* 244 Or 116, 415 P2d 21 (1966).

We are aware that the 1975 legislature has given to the Board the power to examine previously licensed physicians.[2] However, we cannot make that power effective retroactively.

Reversed.

---

[2] Oregon Laws 1975, ch 796, § 7.